IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 9, 2012 Session

## IN RE: ESTATE OF SIDNEY WES JENKINS

**Appeal from the Chancery Court for McMinn County**
**No. P-467     Hon. Jerri S. Bryant, Chancellor**

---

**No. E2011-02326-COA-R3-CV-FILED-AUGUST 27, 2012**

---

Claimant, the wife of decedent, filed a claim against his estate claiming that she loaned her husband monies over time, and his estate was indebted to her for the amount of the loans. The Trial Court heard testimony on the claim, and held that claimant failed to meet her burden of proof to establish that she had loaned monies to her husband. Claimant appealed, and we affirm the Trial Judge on the ground that the evidence does not preponderate against the Trial Court's factual determinations.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

H. Wayne Grant and Steven W. Grant, Chattanooga, Tennessee, for the appellant, Thelma Lucy Jenkins.

Donald (Trey) Winder, III., Athens, Tennessee, for the appellee, Sidney Wes Jenkins.

### OPINION

#### Background

A Petition to Probate the Will of Sidney Wes Jenkins, who died on December 24, 2007, at the age of 47, was filed by his father, Albert Lee Jenkins, who was named as the

personal representative in decedent's Will. The Petition identified the surviving heirs including petitioner, decedent's estranged wife, Lucy, and his two children from a prior relationship. The attached Will recited that decedent wished to leave his real properties to his father, and wished to leave the residue to Lucy.

The Will was executed on March 12, 2007.

The Will was admitted to probate, and Letters Testamentary were issued to Jenkins.

Lucy then filed a Verified Claim against the Estate, claiming that decedent owed her $78,439 for loans she made to him from 2005 through 2007, and attached copies of receipts purportedly signed by decedent. She also filed a Petition to Set Aside Homestead, Exempt Property, Year's Support and Elective Share, and attached their marriage certificate.

Jenkins filed an Exception to the claim filed by Lucy, stating that he was not aware of any such debt, and objected to the authenticity of the receipts.

A hearing was held regarding Lucy's claim on August 26, 2011. Lucy testified to the indebtedness, and filed copies of the receipts. Other witnesses testified in the case, including Jenkins.

At the conclusion of the evidentiary hearing, the Court took the matter under advisement, and subsequently entered an Order, granting the exception and denying Lucy's claim. The Court found that Lucy had the burden to prove that she loaned money to decedent, and that he promised to repay the loan. The Court found that Lucy failed to carry her burden of proof because she failed to produce corroboration of the alleged debt, and failed to prove the validity of the receipts, and concluded that the receipts failed because the originals were not tendered, and the Court could not tell from the copies whether the handwriting was decedent's, or whether all of the writing on the receipts was made contemporaneously.

Lucy filed a Notice of Appeal and raises these issues:

1.      Whether the Trial Court erred in denying Lucy's claim for failure to produce corroboration of the debt in the form of original receipts?

2.      Whether the Trial Court erred in failing to find that the facts supported Lucy's claim by a preponderance of the evidence?

Appellant first argues that the Trial Court erred in denying her claim for failure to

produce the original receipts, because the Rules of Evidence allow copies to be introduced when the originals are lost or destroyed. What the Trial Court actually ruled, however, was that Lucy had "failed to prove the validity of the receipts", and that without the originals the Court could not tell whether the writing thereon was that of the decedent, whether it was all written contemporaneously, and who wrote the word "loan".

Lucy had testified that when she loaned decedent money, she would write out a receipt in a receipt book and have him sign the same. She testified that she did not have the originals of these receipts, because Wes kept them in a tin can that was apparently lost when he moved. She testified that Wes also had the receipt book. However, she never explained how she came about having the copies which she produced at trial.

The evidence that claimant presented to the Court is not convincing, as the Trial Court found. The bulk of the writing on the documents she presented was done by her and then Wes simply signed the receipt. All the writing is of very similar appearance. She produced an original check register, and testified the check register was filled in by Wes, but at some point they sat down together and pinpointed the deposits which were based on loans she made to him, and he had her write "loan from Lucy" beside those. All of this writing is similar in appearance. Moreover, even though the claimant testified that the notations were all done by her in one sitting, the ink varies in color from the first notes to the last notes. She testified she did not have the original of the receipts because Wes kept them in a tin can that was apparently lost when he moved. She testified that Wes also had the receipt book, but she never explained how she came to have the copies that she produced at trial.

Also, there are inconsistencies on the receipts.

In sum, her testimony is contradictory. She initially testified that she was an authorized user of all of Wes's credit cards, but that she did not really use them, and then in rebuttal, she stated that she was only authorized on Cabela's and Lowe's. She denied having any responsibility for thousands of dollars' worth of charges for jewelry, clothing, makeup, cosmetic surgery, claiming that those charges were all made by Wes, but Wes's father contradicted this testimony.

"Where the issue for decision depends on the determination of credibility of witnesses, the trial court is the best judge of the credibility and its findings of credibility are entitled to great weight. This is true because the trial court alone has the opportunity to observe the appearance and the demeanor of the witnesses." *Tenn–Tex Properties v. Brownell Electro.*, 778 S.W.2d 423, 426 (Tenn. 1989).

In conclusion, the Trial Court found there was simply not enough trustworthy

evidence to prove appellant's claim, and the evidence does not preponderate against the Trial Court's decision.  Tenn. R. App. P. 13(d).

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to Thelma Lucy Jenkins Johnson.

_____
HERSCHEL PICKENS FRANKS, P.J.